José R. Rivera, demandante, *v.* Banco Industrial de Puerto Rico, demandado; Francisco Acevedo, interventor y apelante.

No. 5961.—*Sometido:* Julio 26, 1932. *Resuelto:* Julio 29, 1932.

*Largé & Acevedo,* abogados del interventor apelante; *G. de la Haba,* abogado del demandante; *H. R. Francis, J. Henri Brown, C. Ruiz Nazario* y *G. E. González,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En los autos sobre administración judicial del Banco Industrial de Puerto Rico promovidos por José R. Rivera se presentó por Francisco Acevedo una demanda de intervención que luego enmendó para alegar tres causas de acción con el fin de que se declare por la primera que es nulo el nombramiento de síndico de ese banco: por la segunda que el banco no ha sido disuelto y que es solvente; y por la tercera que se declare compensada una deuda hipotecaria del interventor con dicho banco con un crédito por dinero contra el mismo que fué cedido al interventor. El síndico de esa administración judicial excepcionó dicha demanda enmendada por no exponer hechos determinantes de causa de acción; excepción que la Corte de Distrito de San Juan declaró con lugar en cuanto a las dos primeras causas de acción y concedió un término al demandado para que contestara la tercera causa alegada. En vista de esa resolución el interventor solicitó que se dictase sentencia y así lo hizo la corte declarando sin lugar la demanda enmendada de intervención en cuanto a la primera y segunda causa de acción y concediendo al síndico del banco diez días para contestar la tercera causa de acción. De esa sentencia apeló el interventor.

El síndico apelado nos pide que desestimemos esta apelación por académica y sin finalidad práctica fundándose en que el banco cedió su crédito hipotecario contra el interventor al Tesorero de Puerto Rico quien ha establecido procedimiento ejecutivo para su cobro en el que le fué adjudicada la finca hipotecada, según comprueba con certificación que nos presenta. El apelante se ha opuesto a la desestimación.

Como hemos dicho al principio, esta apelación se ha interpuesto còntra la sentencia que declaró sin lugar la primera y segunda causa de acción en las que se interesa que se declare nulo el nombramiento de síndico del banco y que éste no es insolvente y no ha sido disuelto, por lo que el hecho de que la deuda hipotecaria que por la tercera causa de acción quiere compensar el interventor haya sido ejecutada no hace académica la apelación en cuanto a las dos primeras causas de acción, que son el objeto de esta apelación.

*Por lo expuesto la moción de desestimación de la apelación debe ser declarada sin lugar.*